UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,
        Plaintiff

v.

Case No.: 2015-
Judge:
Magistrate:

COURTYARD FOOD MARKET, INC.,
VANESSA MOSS-WILSON, BARBARA
GUILFORD, Conservator for the Estate of
Edmond Phillips II, LINCOLN LIFE &
ANNUITY COMPANY OF NEW YORK and
BANK OF AMERICA, N.A.
        Defendants.
_____/

## COMPLAINT

### PARTIES AND JURISDICTION

1. Plaintiff Comerica Bank ("Comerica") seeks interpleader relief under 28 U.S.C. 1335. This action arises out of a December 26, 2014 check transaction in which Comerica took a check for deposit (the "Check") under circumstances which expose Comerica to the potential for multiple, conflicting liability. Complaint Exhibit 1 contains an accurate copy of the Check (with account number and putative social security number redacted).

2. This Court has subject matter jurisdiction over this action by operation of 28 U.S.C. 1335 because:

1

    a. The amount of the Check exceeds $500;

    b. More than two adverse claimants claim, or may claim, to be entitled to the Check proceeds or a like amount arising out of the Check deposit transaction;

    c. Diversity of citizenship exists between at least two of the potential adverse claimants.

3. The named defendants are the claimants and potential claimants to the Check or the proceeds of the Check. More specifically, they are:

    a. The endorsing party on the Check who deposited the Check to a Comerica account, Courtyard Food Market, Inc.

    b. The payee and putative endorser, a Michigan attorney named "Vanessa M Moss-Wilson," who is referenced in the Check in a representative capacity: "Special Fiduciary, Estate of Edmond Phillips II"

    c. The represented payee on the Check, the Estate of Edmond Phillips II. On information and belief, Barbara Guilford is the current court appointed conservator for the Estate of Edmond Phillips II.

    d. The issuer, listed on the Check as "Lincoln Life & Annuity Company of New York. This refers, on information and belief, to Lincoln Life & Annuity Company of New York ["Lincoln"].

    e.  The drawee bank, listed on the Check as Bank of America, ["BOA"].

4. Plaintiff Comerica Bank is a Texas banking association organized under Texas law with its principal place of business at Dallas, Texas.

5. Courtyard Food Market, a corporation, is organized under the law of Michigan with principal offices at Detroit, Michigan.

6. Vanessa Moss-Wilson, an individual, is a Michigan citizen who resides in this judicial district.

7. Barbara Guilford, an individual, is an Alabama citizen who resides in Montgomery County, Alabama.  She is currently the conservator for the Estate of Edmond Phillips II under the supervision of the Montgomery County Probate Court (Montgomery Probate Docket No: 08-00410).  This Estate was originally opened in 1982 as a Michigan conservatorship proceeding in Wayne County Probate Court, (Wayne Probate Docket Nos: 735355-CA; 2000-619784-CA and 2000-624188-DDT) and later transferred to Alabama.

8. BOA, a national banking association, is organized under the law of the United States.  BOA is a North Carolina citizen for purposes of determining federal court jurisdiction because its main office is located at Charlotte, North Carolina.  28 U.S.C. 1348.

9. Lincoln, a corporation, is organized under the law of Indiana with principal offices at Rochester, New York.

10. Venue is proper in this judicial district by operation of 28 U.S.C. 1397.

## FACTUAL ALLEGATIONS

1. Courtyard Food operates a check cashing service in Detroit, Michigan.

2. On December 26, 2014, Courtyard Food deposited the Check for credit to its deposit account (Comerica Bank Account No xxxx2277).

3. Courtyard Food endorsed the Check prior to making this deposit.

4. The Check purports to have been issued by Lincoln payable to the order of "Vanessa Moss-Wilson, special fiduciary for the Estate of Edmond Wilson, II" in the amount of $25,000. The Check purports to have been drawn on BOA Account No xxxx6151) as check number G 0015003140.

5. The Check purports to bear an endorsement by Vanessa Moss-Wilson. The Check also purports to contain her Social Security Number under her endorsement.

6. Upon receipt of the Check for deposit by Courtyard Food, Comerica complied with normal banking procedures for presenting the Check for payment to BOA.

7. Comerica credited Account No xxxx2277 for the amount of the Check within the time required by federal banking regulation.

8. BOA paid the Check upon presentment and, upon information and belief, debited the account of Lincoln for the amount of the Check.

9. Various circumstances indicate the potential for one or more future claims against Comerica arising out of the Check transaction.  These circumstances include, on information and belief, the following:

    a. Vanessa Moss-Wilson has not served as special fiduciary for the Estate of Edmond Phillips II since November, 2007.

    b. The Check is addressed to a former office of Vanessa Moss-Wilson.

    c. The Estate of Edmond Phillips II, and presumably the ward of the Estate, was relocated to Alabama several years ago.

    d. It would be irregular for Vanessa Moss-Wilson, a licensed Michigan attorney, to cash a check payable to the Estate of Edmond Phillips II at Courtyard Food rather than to deposit the Check to an Estate account.

    e. Vanessa Moss-Wilson, on information and belief, will repudiate her endorsement on the Check.

    f. Lincoln's name is printed incorrectly twice on the face of the Check.

10. As a result of these circumstances, Comerica placed a hold on Courtyard Food's account and therefore, presently exercises dominion over the Check proceeds.

5

11. Comerica seeks interpleader relief because one or more of the defendants may potentially assert conflicting claims against Comerica:

   a. If Vanessa Moss-Wilson's endorsement is a forgery, then she may have a claim for conversion of her payee interest in the Check.

   b. If the Estate of Edmond Wilson II has not received the proceeds of the Check, it may have various claims against Comerica as the represented payee on the Check.

   c. Lincoln may have a claim that the Check was not properly payable and should not have been debited against its account.

   d. BOA may have a presentment warranty claim.

   e. Courtyard Food may have a claim for the Check proceeds based upon BOA's payment to Comerica on presentment of the Check.

## RELIEF REQUESTED

Comerica requests interpleader and other relief which:

A. Restrains the defendants from instituting any separate judicial proceedings to determine their competing claims to the Check proceeds or to raise any other claim against Comerica arising out of the transactions and events alleged in the complaint;

B. Awards attorneys fees to Comerica to be paid out from the Check proceeds;

C. Directs Comerica as stakeholder to deposit with the Clerk of this Court the difference between the Check proceeds and Comerica's attorneys fee award;

D. Directs the Clerk of the Court to hold the deposit pending an adjudication of the defendants' respective claims.

E. Discharges Comerica from any further liability for any claim by any defendant arising out of the Check transaction;

F. Dismisses Comerica with prejudice from any further proceedings to adjudicate the defendants' respective claims to the Check proceeds or other claims arising out of the transactions and events alleged in the complaint.

/s/Henry Stancato
Attorney for Plaintiff
Stancato Tragge Wells, PLLC
Two Towne Square, Suite 825
Southfield, MI  48076
(248) 731-4500
hstancato@stwlawfirm.com
P29538